IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY ANTHONY MORENO | § | |
| | § | |
| V. | § | A-16-CV-244-LY |
| | § | |
| LORIE DAVIS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1), Respondent's Motion to Dismiss (Document 8), and Petitioner's reply. Petitioner, proceeding pro se, has paid the applicable filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

### I. STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas. Petitioner pleaded guilty, pursuant to a plea bargain agreement, to aggravated robbery and burglary of a habitation and was sentenced to 25 years for each count. Petitioner does not directly challenge these convictions.

Rather he challenges a denial of post-conviction DNA testing that occurred after a hearing on April 17, 2013.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Ineffective assistance of counsel at his motion for DNA testing hearing;

2. Improper denial of DNA testing; and

3. Ineffective assistance of appellate counsel on appeal of the denial of DNA testing.

Respondent moves to dismiss Petitioner's application for habeas corpus relief. Respondent points out a post-conviction claim for DNA testing is properly brought in a civil rights complaint. See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (noting that "[w]hile there is no freestanding right for a convicted defendant to obtain evidence for postconviction DNA testing," state-created procedures to do so must be adequate to protect the state created right). It is only when such procedures are deficient that an inmate may pursue a § 1983 lawsuit in federal court seeking the vindication of his procedural due process rights.

## II.   DISCUSSION AND ANALYSIS

Petitioner contends he received ineffective assistance of counsel in his article 64 proceedings and the state court improperly denied his request for DNA testing. Under Texas law, a convicted person may submit to the convicting court a motion requesting DNA testing of evidence containing biological material. TEX. CRIM. PROC. CODE ANN. art. 64.01(a). The convicted person must demonstrate that the evidence "was secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense," but that the State has not previously tested it. Id., art. 64.01(b). Additionally, the convicted person must show

that the identity of the perpetrator was or is an issue in the case and must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. Id., art. 64.03(a)(1)(B), (2)(A). If these requirements are met, the state court may order DNA testing. Id., art. 64.03(b). After examining the results of the testing, the convicting court must hold a hearing and find whether it is reasonably probable that the person would not have been convicted had the results been available during trial. Id., art. 64.04.

Federal habeas relief is available only if a petitioner shows he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Any right Petitioner may have to postconviction DNA testing arises under Texas law and does not raise a federal constitutional issue. See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999); see also Richards v. District Attorney's Office, 355 F. App'x 826, 826 (5th Cir. 2009) (unpublished). The claim that the chapter 64 proceeding was defective is based on state law and provides no basis for federal habeas relief. Moreover, it is well established that there is no constitutional right to counsel in a post-conviction proceeding. "States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (citation omitted). While the Supreme Court recently held that ineffective assistance of postconviction counsel can, in certain circumstances, constitute cause for a procedural default, see Martinez v. Ryan, ––– U.S. –––, 132 S.Ct. 1309 (2012), Martinez does not create a freestanding constitutional claim for ineffective assistance of state postconviction counsel. Accordingly, Petitioner is not entitled to federal habeas corpus relief.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed without prejudice to filing a civil rights complaint.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are

adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by thedistrict court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 17th day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE